THOMAS, Justice.
The appellant, Board of Public Instruction, and appellee, Bradford Builders, Inc., entered, into a contract for the construction by the latter of the George Washington Carver School building. In the construction certain concrete beams reinforced with steel, known as Farhan units, were needed and the contractor engaged a subcontractor to manufacture them. Eventually the Farhan units were claimed to be defective because they deflected and the concrete cracked exposing the steel, so the appellant ordered the contractor to correct the faulty construction. The contractor, in turn, directed his subcontractor to do so. When the subcontractor failed to treat the units as the Board had directed the contractor undertook the task at a cost of over $13,000.
In brief the question arising from these facts is whether the units were defective in themselves, in which case the cost of correction would fall upon the contractor with whom the appellant directly dealt, or accorded with the specifications forming a part of the contract, in which event the expenditure for curing the defect would be the burden of the Board.
The vehicle chosen by the contractor for bringing the matter to court for adjudication was a petition for declaratory decree in which both the Board of Public Instruction and subcontractor were named as defendants. The court was asked to decide whether or not (a) the plans and specifications were defective, (b) the appellee, Hollostone, subcontractor, complied with them, (c) the appellant was responsible for the cost, (d) the contractor had the right to deduct the cost from the amount due the subcontractor, and also to determine whether the appellant or the subcontractor was indebted to the contractor “for the differ *498 ence between the amounts on hand when the [contractor] undertook to comply with the [appellant’s] letter [to remedy the defect] and the total amount expended by [the contractor] * *
We think there is abundant support in the record for the fundamental decision that the Board of Public Instruction was liable for the amount required to remedy the supposed defect by treating the Farhan units with Gunnite and strengthening them. The facts that this fabricated material was invented, or developed, by the very person whom the board chose as a supervising engineer; that he approved the units after the contractor expressed to him a doubt that they had been manufactured in accordance with the specifications; and that the contractor was even paid a part of the cost for them before the Board voiced its dissatisfaction, convinces us that the chancellor could not have held that the master was clearly wrong, and that we cannot decide that the chancellor clearly erred.
We have considered the appellant’s assertion that the amount claimed by the contractor could not be collected under the part of the contract relating to ‘extras’ and could not be collected on a quantum meruit basis in a suit of this sort. But we think that even if any error occurred from such procedure it was harmless. The equity court had properly assumed jurisdiction and once the liability was fixed the process of ordering it paid was so simple that to require an action at law, for the purpose of reducing it to judgment, would have placed a burden on all the litigants far out of proportion to any advantage that might have been gained by any one.
We are concerned, however, with two features of the decree. The Board was ordered to pay $15,206.81, although the contractor represented in his bill that he had been put to the extra expense of $13,617.26. We cannot reconcile this disparity, and interest was required to be paid from 13 August 1952, when the cause of action accrued, instead of from 27 April 1954, the date of the decree. We think this figure and the interest date should be revised. Board of Public Instruction of Okaloosa County v. Kennedy, 109 Fla. 153, 147 So. 250; Duval County v. Charleston Engineering & Contracting Co., 101 Fla. 341, 134 So. 509.
We, therefore, affirm the chancellor’s decision in the main with directions, however, to amend the decree by reducing the amount of recovery to $13,617.26 and to provide for interest from the date of the original decree.
Affirmed in part; reversed in part.
DREW, C. J., and FIOBSON and THORNAL, JJ., concur.